## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ERIK MCGOVERN, on behalf of himself and all others similarly situated,<br><br>                        Plaintiffs,<br><br>- against -<br><br>EMPIRE MERCHANTS NORTH, LLC; EMPIRE MERCHANTS, LLC; and any other related entities,<br><br>                        Defendants. | Case No.:  1:25-cv-00660 (AMN/MJK)<br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff ERIK MCGOVERN ("Plaintiff McGovern" or "Plaintiff"), individually and on behalf of other individuals similarly situated (collectively "Plaintiffs"), upon personal knowledge as to facts pertaining to himself and on information and belief as to all other matters, by and through their undersigned counsel, Leeds Brown Law, P.C. and Francis Mailman Soumilas, P.C. bring this class action complaint against Defendants EMPIRE MERCHANTS NORTH, LLC, EMPIRE MERCHANTS, LLC; and any other related entities ("Empire Merchants" or "Defendants").

## NATURE OF THE ACTION

1.     This is a proposed class action under the New York State Fair Credit Reporting Act, General Business Law § 380 (NY FCRA"), and Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), brought on behalf of applicants for employment with Empire Merchants North.

2.     Plaintiff McGovern contends that Defendants failed to comply with key provisions of the NY FCRA and FCRA in its hiring processes, as described below.

1

3.       Plaintiff McGovern asserts that Defendants regularly violate the FCRA and NY FCRA by using consumer reports to take adverse employment actions without, *beforehand*, providing the person who is the subject of the report sufficient and timely notification and a copy of the report and a summary of rights under the FCRA as well as their rights under. Thus, leaving the person who is the subject of the report without any meaningful opportunity to explain any negative entries on the report and/or to correct any errors on the report.

4.       The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports."  Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports," such as Defendants. This action involves Defendants violations of those important rules.

5.       The NY FCRA additionally regulates the usage of consumer reports in New York state, requiring that, "When a consumer reporting agency provides a consumer report that contains criminal conviction information, permitted by paragraph one of subdivision (a) of section three hundred eighty-j of this article, to a user, the person, firm, corporation or other entity requesting such report shall provide the subject of such report a printed or electronic copy of article twenty-three-A of the correction law governing the licensure and employment of persons previously convicted of one or more criminal offenses." *See* N.Y. Gen. Bus. Law § 380-g(d).

6.       Under New York Corrections Law Article 23-A ("Article 23-A"), employers must consider eight factors in determining an applicant's or employee's eligibility when considering their conviction history, including the time elapsed since the conviction, whether there is a "direct relationship" between the person's conviction and position sought after, information regarding good conduct and rehabilitation, and so on.

7.      By failing to provide a copy of Article-23A, Defendants left Plaintiff McGovern woefully unaware of his rights including the factors which employers must consider prior to rescinding his offer, as well as denying him the opportunity to provide any documentation or information demonstrating good conduct and rehabilitation.

8.      Empire Merchants North, LLC is a liquor and alcohol distributor operating in Upstate New York and is affiliated with Empire Merchants, LLC, a company that conducts business in New York City. Both entities operate under the "Empire Merchants" brand, presenting themselves as a unified enterprise within the alcoholic beverage distribution industry. Despite being separate legal entities, they share common leadership, with Eric Pfeil serving as the Chief Executive Officer and President of both companies.[1] Thus, the interconnected structure suggests a coordinated business operation, with shared management, branding, and overlapping corporate policies and practices.

9.      Plaintiff McGovern was denied employment for a part-time position as a Night Warehouse worker with Empire Merchants based upon a background report conducted during the onboarding process by Sterling Talent Solutions ("Sterling"), a credit reporting agency.

10.     Based on inaccurate information outlined in the background report, Empire Merchants North rescinded their offer to Plaintiff McGovern, determining that he was ineligible for the job.

11.     Defendants not only violated the processes and procedures of the NY FCRA and FCRA, but it also relied upon inaccurate and improper information in deciding to terminate Plaintiff McGovern and rescinding his offer of employment.

---

[1] https://www.empiremerchants.com/about/ (last accessed February 6, 2025)

12.     In violation of the FCRA and NY FCRA, Defendants willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirement and failed to provide a copy of the background report, *before* the adverse action occurred, as required by the respectively statutory authority under the FCRA and NY FCRA.

13.     Individuals like Plaintiff McGovern, who have applied to Empire Merchants North were subject to the same practices and have been similarly aggrieved by the same violations of state and federal law.

14.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, as well as the NY FCRA, Plaintiff seeks monetary relief for himself and for classes of similarly situated employment applicants for whom Defendants failed to comply with the pre-adverse action notification requirements and provide a copy of Article 23-A.

## JURISDICTION AND VENUE

15.     The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*

16.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b) because Defendants' principle place of business in this District as defined in 28 U.S.C. § 1391(c).

## PARTIES

17.     Plaintiff Erik McGovern is an adult individual residing in Greene County, New York.

18.     Defendant Empire Merchants North, LLC is a foreign limited liability corporation incorporated under the laws of the State of New York and has a registered address at 16 Houghtaling Road, West Coxsackie, NY 12192.

19.     Defendant Empire Merchants North, LLC regularly conducts business and operates as an employer in seeking out applications for and ultimately hiring individuals to perform job duties and responsibilities at various locations in the Northern District of New York.

20.     Defendant Empire Merchant, LLC is a foreign LLC registered in Delaware but registered with the New York State Department of State under DOS ID 3398567 in Kings County, with a registered agent at 80 State Street, Albany NY 12207.

21.     Upon information and belief, Defendants Empire Merchant LLC, Empire Merchants North LLC, and/or other unknown but related entities jointly manage, operate, and hire staff under the Empire Merchants umbrella.

## FACTUAL ALLEGATIONS

22.     On or around May 18, 2023, Plaintiff McGovern submitted his application online for a part-time Night Warehouse position. On May 23, 2023, Plaintiff McGovern received an invitation from a member of Empire Merchants North's Human Resources Department ("HR") for an on-site interview.

23.     On May 24, 2023, Plaintiff McGovern interviewed with the Distribution Center Manager in Coxsackie, where he received an offer of employment contingent on the successful completion of a drug test, physical, as well as a background check to be conducted by Sterling.

24.     As a credit reporting agency, Sterling investigates and reviews public records and private databases and assembles and/or maintains consumer files which contain public record information as well as the alleged criminal record history of individuals.

25.     Sterling sells consumer reports to employers, such as Defendant, wishing to review the criminal record history, or lack thereof, of various job applicants or employees. Additionally, Sterling offers customers the possibility of using its screening service both to screen applicants for

employment, and current employees either on a recurring basis, or in connection with a promotion or transfer to a different role.

26.     On June 5, 2023, Plaintiff McGovern was notified of several items still pending completion in the onboarding process by HR and was requested to submit additional information to complete the background check including his driver's license number, date of birth, as well as his full name as listed on his license. Plaintiff McGovern submitted all of the requested information to the Defendant.

27.     Soon after, Plaintiff McGovern received a call from HR, notifying him that they were rescinding his offer of employment due to his background check, citing a warrant for his arrest in West Virginia which was not his as well as a criminal conviction of his that occurred in 2006. After explaining that the warrant was not and could not be his, Plaintiff McGovern was told that Defendants would still not be able to move forward with him.

28.     At the time of this call, Plaintiff McGovern was unaware of the nature and discrepancies found on his background report as he did not receive a copy of the report that Defendants obtained from Sterling or a written notice prior to Defendants taking adverse action.

29.     In fact, Plaintiff McGovern did not receive a copy until it was mailed to him several months after Defendants made their hiring decision.

30.     Consequently, Plaintiff McGovern was not given a sufficient or timely opportunity to dispute or appeal the hiring decision.

31.     Through these actions and others detailed herein, Defendants violated the NY FCRA by failing to supply a copy of Article 23-A, thus leaving Plaintiff McGovern oblivious of his rights under the NY Correction Law and what consideration employers must make before taking adverse action. Further, Defendants failed to provide a copy of the background report

utilized to inform their hiring decision and did not grant Plaintiff McGovern the opportunity to correct discrepancies cited on the report in violation of NYFCRA and FCRA.

## CLASS ALLEGATIONS

32.    Plaintiff McGovern brings this matter on behalf of himself and those similarly situated including Defendants employees and applicants, pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3).

33.    Plaintiff McGovern and similarly situated job applicants were uniformly impacted and damaged by Defendants' misconduct within their hiring procedures, including Defendants' failure to supply a copy Article 23-A, a copy of the background report and giving the applicant an opportunity to dispute the hiring decision.

34.    Accordingly, this Complaint is uniquely situated for class-wide resolution, including injunctive and declaratory relief.

35.    The proposed Classes are defined as:

    i.    All employees of Defendants or applicants for employment with Defendants residing in the United States of America who were the subject of a background report that was used by Defendants to make an adverse employment decision regarding such employee or applicant for employment, within five years prior to the filing of this action and extending through the date of class certification, and for whom Defendants failed to provide the employee or applicant a copy of their consumer report and/or a copy of the FCRA summary of rights before it took such adverse action.

    ii.    All employees of Defendants or applicants for employment with Defendants residing in the United States of America who were the subject of a background report that was used by Defendants to make an adverse employment decision regarding such employee or applicant for employment, within five years prior to the filing of this action and extending through the date of class certification, and for whom Defendants failed to provide the employee or applicant a copy of their consumer report and/or a copy of the FCRA summary of rights

at least five (5) business days before it took such adverse action.

    iii.    All employees of Defendants or applicants for employment residing in the State of New York who were the subject of a background report that contained a criminal conviction and to whom Defendants failed to provide a copy of Article 23-A within two (2) years prior to the filing of this action and extending through the date of class certification.

36.    Plaintiff may redefine the class as appropriate based on objective materials and information maintained by Defendants that are not known at this time to Plaintiff and counsel.

37.    The Class is properly brought and should be maintained as a class action under Rule 23 of Federal Rules of Civil Procedures satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

38.    <u>Numerosity Fed. R. Civ. P. 23(a)(1)</u>: Class Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are hundreds of applicants who are Class Members as described above who have been damaged by Defendants' failure to comply with the necessary legal requirements of conducting a background check and utilizing it during the application process for applicants or potential employees.

39.    <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

    i.    Whether Defendants failed to provide a copy of Article 23-A when determining an Applicant's eligibility prior to making an adverse decision.

    ii.    Whether Defendants failed to provide each applicant with a copy of their background report before Defendants took adverse action based upon the report;

    iii.    Whether Defendants acted willfully or negligently in disregard of the rights of employment applicants by their failure to permit their

              employees and automated systems to send employment applicants their full consumer report and a written statement of their rights before taking adverse action based on the consumer report.

iv.      Whether Defendants made employment decisions based on inaccurate background checks.

v.      Whether Plaintiff and the Class Members are entitled to damages, declaratory relief, and/or injunctive relief.

vi.      Whether Plaintiff and the Class Members are entitled to money damages.

40.     <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class are asserting the same claims related to the same deceptive and misleading practices. Plaintiff is entitled to relief under the same causes of action as the other Class Members. Plaintiff and the Class Members were injured through the substantially uniform misconduct described above. Plaintiff is advancing the same claims and legal theories on behalf of themselves and all Class Members.

41.     <u>Adequacy (Fed. R. Civ. P. 23(a)(4))</u>: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent; his claims are common to all members of the Class and he has a strong interest in vindicating his rights; he has retained counsel competent and experienced in complex class action litigation, and they intend to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and their counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

42.     The Class is properly brought and should be maintained as a class action under

Federal Rules of Civil Procedure 23 because a class action is superior to traditional litigation of this controversy. Common issues of law and fact predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' deceptive and misleading practices.

43.    In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia:*

44.    Superiority (Fed. R. Civ. P. 23(b)(3)): A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    i.    The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    ii.    The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive-if not totally impossible-to justify individual actions.

    iii.    When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Class and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    iv.    This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    v.    Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    vi.    This class action will assure uniformity of decisions among Class Members;

    vii.    The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

    viii.    Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient

resolution by single class action.

45.    Accordingly, this Class is properly brought and should be maintained as a class action under Federal Rules of Civil Procedure 23 because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

46.    Separate classes may be necessary as to specific factual circumstances or specific claims, including a class for business entities, guarantors, business owners, and other classifications as necessary.

## FIRST CAUSE OF ACTION
**Violation of New York State Fair Credit Reporting Act, GBS § 380**

47.    Plaintiff McGovern repeats and hereby incorporates each of the above allegations into this cause of action, including the facts described therein.

48.    Plaintiff McGovern brings this claim individually and on behalf of Class Members.

49.    Defendants violated the NY FCRA by failing to provide Plaintiff McGovern with a copy of Article 23-A of the Correction Law following the procurement of his consumer report that cited criminal history.

50.    GBS § 380-g dictates an additional notice requirement which employers must comply with, articulating that:

> When a consumer reporting agency provides a consumer report that contains criminal conviction information, permitted by paragraph one of subdivision (a) of section three hundred eighty-j of this article, to a user, the person, firm, corporation or other entity requesting such report shall provide the subject of such report a printed or electronic copy of article twenty-three-A of the correction law governing the licensure and employment of persons previously convicted of one or more criminal offenses.

*See* GBS § 380-g.

51.    Under the New York Corrections Law Article 23-A, employers are required to consider eight factors when evaluating applicants and employees with conviction histories, including:

  i.    That New York public policy encourages the licensure and employment of people with criminal records;

  ii.    The specific duties and responsibilities necessarily related to the prospective job;

  iii.    The bearing, if any, of the conviction history on the applicant's or employee's fitness or ability to perform one or more of the job's duties or responsibilities;

  iv.    The time that has elapsed since the occurrence of the criminal offense that led to the applicant or employee's criminal conviction, not the time since arrest or conviction;

  v.    The age of the applicant or employee when the criminal offense that led to their conviction occurred;

  vi.    The seriousness of the applicant's or employee's conviction;

  vii.    Any information produced by the applicant or employee, or produced on the applicant's or employee's behalf, regarding their rehabilitation and good conduct;

  viii.    The legitimate interest of the employer in protecting property, and the safety and welfare of specific individuals or the general public.

*See* Article 23-A § 752.

52.    Plaintiff is "subject" as defined by the GBS § 380 as that term is defined in the statute, its implementing regulations, and in the case law on the same.

53.    Defendants is considered a "user, the person, firm, corporation or other entity" as that term is defined in the statute, its implementing regulations, and in the case law on the same.

54.    Defendants failed to meet their obligation under GBS § 380-g by neglecting to

supply a copy of Article 23-A upon receiving Plaintiff McGovern's consumer report. Thereby, Defendants effectively deprived Plaintiff of a resource that would have notified him of his rights and what factors Defendants must consider prior to revoking their offer.

55.    Had Plaintiff McGovern received a copy of Article 23-A before Defendants took adverse action against him, he would have learned that Defendants could not deny him employment on the basis of his criminal history except insofar as the denial was supported by the factors outlined in Article 23-A.

56.    Thus, had Plaintiff McGovern been properly notified, he could have contested Defendants' decision by supplying relevant and supporting information pertaining to his "rehabilitation and good conduct" and dispute the consumer report's inaccuracies.

57.    As a result, Defendants denied Plaintiff McGovern the opportunity to effectively challenge Defendants' adverse action.

58.    Plaintiff McGovern was harmed by Defendants' acts including the loss of employment, the loss of wages, the loss of job opportunities, the loss of job advancement, and other harm associated with Defendants' actions.

59.    Plaintiff McGovern and the Class Members seek relief under the NY FCRA, including, but not limited to, actual damages, treble damages, statutory damages, injunctive relief, declaratory relief, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Violation of Fair Credit Reporting Act, 15 U.S.C § 1681b(b)(3)

60.    Plaintiff McGovern repeats and hereby incorporates each of the above allegations into this cause of action, including the facts described therein.

61.    Plaintiff McGovern brings this claim individually and on behalf of Class Members dating back to five years from the filing of this Complaint.

62.     Under the FCRA, any "person" using a consumer report, such as Defendant, who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action. *See* 15 U.S.C. § 1681b(b)(3)(A); *see also Goode v. LexisNexis Risk & Info. Analytics* 848 F. Supp. 2d 532, 542 (E.D. Pa. 2012) (more than one business can be a user of a single background report; "Under the FCRA, 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity. § 1681a(b). Thus, Defendants is a person and must comply with § 1681b(b)(3)(A).").

63.     There is longstanding regulatory guidance for employers making clear their obligations and the protections afforded to job applicants under the FCRA.  The Federal Trade Commission ("FTC") has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken.  Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action.  Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information in case the report is inaccurate or incomplete." *See* FTC letter dated June 9, 1998 to A. Michael Rosen, Esq.

64.     A primary reason that Congress requires that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer before taking the adverse action is so the consumer has time to review the report and dispute information that

may be inaccurate or discuss the report with the prospective employer before adverse action is taken. *See* FTC letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken.").

65.    The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant that he is about to experience an adverse action, such as a rejection, based on the content of a report, and to provide him or her an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect or job is lost.

66.    Pursuant to its standardized procedures, Defendants did not provide job applicants with a copy of their consumer reports or a statement of their FCRA rights *before* it takes adverse action against them based upon the information in such reports, despite being required to do so by section 1681b(b)(3)(A) of the FCRA.

67.    The FCRA statutory text, the FTC opinions and the cases cited constitute significant authority that existed during the time Defendants failed to comply with the pre-adverse action requirements of 15 U.S.C. § 1681b(b)(3)(A).

68.    The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report *and* a written description of the consumer's rights under the FCRA, as prescribed by the FTC, *before* taking such adverse action.  15 U.S.C. § 1681b(b)(3)(A).

69.    For purposes of this requirement, an "adverse action" includes "any . . . decision ...that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

70.     Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c) as that term is defined in the statute, its implementing regulations, and in the case law on the same.

71.     Defendants is a "person" that regularly uses background reports for employment purposed as that term is defined in the statute, its implementing regulations, and in the case law on the same.

72.     The FCRA requires Defendants, as users of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

73.     Defendants willfully or negligently violated section 1681b(b)(3) of the FCRA by failing to provide Plaintiff and the members of the Classes the following before using such reports to take adverse action:  (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and, (c) a written description of the consumer's rights under the FCRA, and thereby denied the consumers sufficient time to be able to review and dispute the report before Defendants took adverse action on their employment applications.

74.     Plaintiff McGovern was harmed by Defendants' acts including the loss of employment, the loss of wages, the loss of job opportunities, the loss of job advancement, and other harm associated with Defendants' actions.

75.     Plaintiff McGovern and the Class Members seek relief under the FCRA, including, but not limited to, actual damages, treble damages, statutory damages, injunctive relief, declaratory relief, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief as follows:

(a)     For an order certifying the Class under Rule 23 of Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory damages in an amount to be determined by the trier of fact;

(d)     For an order of restitution and all other forms of equitable monetary relief;

(e)     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses;

(f)     Awarding pre- and post-judgment interest on any amounts awarded; and,

(g)     Awarding such other and further relief as may be just and proper including declaratory and injunctive relief.

## DEMAND FOR TRIAL BY JURY

A jury trial is demanded on all claims so triable.


Dated: May 23, 2025

Michael A. Tompkins, Esq.
**LEEDS BROWN LAW, P.C.**
Old Country Road, Suite 347
Carle Place, NY 11514
Tel: 516.873.9550
mtompkins@leedsbrownlaw.com

James A. Francis, Esq.*
Lauren KW Brennan, Esq.*
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510

17

Philadelphia, PA 19103
Tel: (215) 735-8600
jfrancis@consumerlawfirm.com
lbrennan@consumerlawfirm.com
*Pro Hac Vice Forthcoming


Counsel for Plaintiff and the Proposed Class